ACCEPTED
12-15-00115-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/1/2015 3:10:30 PM
CATHY LUSK
CLERK

NO. _____

_____

IN THE COURT OF APPEALS FOR THE TWELFTH DISTRICT TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/1/2015 3:10:30 PM
CATHY S. LUSK
Clerk

_____

**IN RE CHRISTY AND KORY HILL, Relators**

_____

From the 188th District Court for Gregg County, Texas
Cause No. 2014-2357-A
Honorable David Brabham, Presiding Judge

_____

**PETITION FOR WRIT OF MANDAMUS**

_____

Jonathan Wharton
SNOW E. BUSH, JR., P.C.
Texas State Bar No. 24075764
420 N. Center Street
Longview, TX 75601
Tel. (903) 753-7006
Fax (903) 753-7278
jonathanwharton1@sbcglobal.net
**ATTORNEY FOR RELATORS**
**CHRISTY AND KORY HILL**

May 1, 2015

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Appellant lists the following parties affected by this appeal, and their respective appellate and trial counsel:

Relators: Christy and Kory Hill

Jonathan Wharton
Snow E. Bush, Jr., P.C.
420 N. Center Street
Longview, TX 75601
Tel. 903.753.7006
Fax 903.753.7278
jonathanwharton1@sbcglobal.net
**Trial and Appellate Counsel for Christy and Kory Hill**

Respondent: Hon. David Brabham

188th District Court of Gregg County, Texas
101 E. Methvin, Suite 408
Longview, TX 75601
**Trial Court**

Real Parties in Interest: Andrew Shaw and Daniel Shaw

T. Heath Chamness
White Shaver
205 W. Locust
Tyler, TX 75702
Tel. 903.533.9447
Fax 903.595.3766
hchamness@whiteshaverlaw.com
**Trial Counsel for Andrew Shaw and Daniel Shaw**

1

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**TABLE OF CONTENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**INDEX OF AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATEMENT OF THE CASE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

**STATEMENT OF JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**NO REQUEST FOR ORAL ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

**ISSUES PRESENTED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATEMENT OF FACTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**SUMMARY OF THE ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

**PRAYER** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

**APPENDIX** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# INDEX OF AUTHORITIES

## STATUTES

Tex. Gov't Code § 22.221(a) and Rule 52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

Tex. Bus. Prac. & Comm. Code §§ 17.46(b)(5), (6), (7), (13), and (22). . . . . . . . . .7

Tex. Bus. Prac. & Comm. Code § 17.50(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Tex. Civ. Prac. & Rem. Code § 41.011(a)(6). . . . . . . . . . . . . . . . . . . . . . . . . . .12

Tex. Civ. Prac. & Rem. Code § 33.004(l). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

## RULES

Tex. R. Civ. Prac. & Rem. Code § 33.004(g). . . . . . . . . . . . . . . . . . . . . . . . . . . .16

## CASES

Lunsford v. Morris, 746 S.W.2d 471, 473 (Tex. 1988). . . . . . . . . . . . . . . . . . 10, 12

Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 304 (Tex. 2006) (fraud). .11

Winkle Chevy-Olds-Pontiac v. Condon, 830 S.W.2d 740, 744 (Tex.App.—Corpus Christi 1992, writ dism'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Walker v. Packer, 827 S.W.2d 833, 843 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . .11

In re City of Houston, No. 14-12-00861-CV at *11-12 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (mem. op.) (orig. proceeding). . . . . . . . . . . . . . . . . . . . . . . . 11

Soon Phat, L.P. v. Alvarado, 396 S.W.3d 78, 109 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

<u>Suntide Sandpit, Inc. v. H&H Sand and Gravel, Inc.</u>, No. 13-11-00323-CV at \*11 (Tex. App.—Corpus Christi, pet. denied) (mem. op.). . . . . . . . . . . . . . . . . . . . . . .12

<u>In re Colonial Pipeline Co.</u>, 968 S.W.2d 938, 943 (Tex. 1998). . . . . . . . . . . . . . . 13

<u>In re Unitec Elevator Serv. Co.</u>, 178 S.W.3d 53, 62 (Tex. App.—Houston [1st Dist] 2005, no pet.) (orig. proceeding) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .14

<u>Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd.</u>, 896 S.W.2d 156, 161 (Tex. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

<u>Broomfield v. Parker</u>, No. 12-06-00208-CV (Tex. App.—Tyler 2007, no pet.) (mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

## STATEMENT OF THE CASE

Relators filed this lawsuit against the Real Parties-in-Interest (operating as Engines Unlimited) arising out of a dispute over car repairs. Tab 1. Relators pleaded causes of action for fraud and conversion, among others (including DTPA violations). Tab 1. They then sought net-worth discovery from the defendants. Tab 3. The defendants objected with the following: "Defendant objects to providing any information regarding net worth because § 17.50 of the DTPA does not allow for the recovery of punitive damages." Tabs 4 & 5. The defendants also moved to join the used car dealer as a responsible third party. Tab 6. Relators objected to that designation and set a hearing for both the net-worth discovery issue and the objection to the designation of a responsible third party. Tab 7. The trial court refused to allow Relators discovery on net worth. Tab 10. It also overruled Relators' objections to the designation of a responsible third party. Tab 10 at 20.

## STATEMENT OF JURISDICTION

This Court has jurisdiction in this original proceeding pursuant to Tex. Gov't Code § 22.221(a) and Rule 52.1 of the Texas Rules of Appellate Procedure.

## NO REQUEST FOR ORAL ARGUMENT

Because the case is guided by simple and well-established rules, oral argument would not benefit the court's decision-making.

## ISSUES PRESENTED

1.      Did the trial court abuse its discretion by refusing to allow the plaintiff to conduct discovery on the defendants' net worth?

2.      Did the trial court abuse its discretion by allowing the defendants to designate a responsible third party without stating a claim for relief against that third party?

## STATEMENT OF FACTS

The Plaintiffs' filed this case alleging causes of action for fraud and conversion, among others, against the Defendants. Tab 1. The following facts were alleged:

> In March of 2014, Mr. And Mrs. Hill purchased a 2006 Dodge Ram for approximately $13,000 from a used car dealer. Within a couple weeks, it had broken down due to a problem with the engine. The dealership recommended they take it to Andrew Shaw and Daniel Shaw, operating as Engines Unlimited, who gave them a $5,500 estimate for the repair. The Hills agreed and gave them the car to fix.
> Over the course of five months, the Defendants collected over $12,000 from the Hills, but instead of fixing the car, they damaged it, let it sit, and ultimately refused to return the car on request. The Hills were charged for problems with the car that did not exist at the time the truck was brought to the Defendants. Unnecessary parts were ordered and charged to the Hills in order to inflate the bill.
> Eventually, when the Hills tried to pick up the truck to take to another repair shop, the Defendants told the Hills that even though they had paid the entire bill, and the repairs had not been completed, the Hills could not take the truck unless they signed a release of liability for the Shaws and their company.

Tab 1. The petition went on to state the specific claims made: "Defendants ANDREW

6

SHAW D/B/A ENGINES UNLIMITED and DANIEL SHAW are liable for conversion, trespass to chattel, DTPA violations under Tex. Bus. Prac. & Comm. Code §§ 17.46(b)(5), (6), (7), (13), and (22), negligence, gross negligence, fraud, and breach of contract." Tab 1. The following categories of damages were requested: "The Plaintiff is entitled to recovery of actual damages, both past and future, including loss of use, the market value of the car, reasonable attorney's fees, costs of court, expenses, punitive damages, and treble damages under the DTPA by Tex. Bus. Prac. & Comm. Code § 17.50(b)." Tab 1.

The Plaintiffs sent discovery requests on net worth to the Defendants. Tab 3. The Defendants objected to every request, stating "Defendant objects to providing any information regarding net worth because § 17.50 of the DTPA does not allow for the recovery of punitive damages." Tabs 4 & 5. The Defendants also moved to designate JCT Auto Sales, the used car lot, as a responsible third party for failing to disclose the condition of the truck to the Plaintiffs even though it was sold "as is." Tab 6.

At the hearing, no testimony or evidence was submitted to the trial court. Tab 10. The Defendants' attorney reassured the trial court that he has been practicing for over ten years and knows when the punitive damages issue is applicable and when it is not. Tab 10 at 5-6. He argued that "The issue in this case is that there are various

7

causes of action that have been filed by the Plaintiff that there's not a recovery for punitive damages." Tab 10 at 6. "The other issue is a reasonableness standard, Your Honor. My client has a million dollar insurance policy. Even if this case -- they could recover the full cost of the vehicle, which they didn't buy from us, plus all of the cost of repairs, they would have to get a verdict 40 times the amount of damages before they would even get into beyond past the policy of insurance that's covered." Tab 10 at 6-7. "Basically, what it comes down to is, I am not in any way representing to this Court that there will never come a time where the net worth information would be relevant and would be discoverable. But at this point in time, based on the fact that there are various causes of action which you can't even recover punitive damages on, if this case went to court tomorrow I'm virtually certain I could defeat a conversion claim." Tab 10 at 7. He filed the motion to designate just so that he could conduct discovery. Tab 10 at 7.

The trial court denied the Plaintiffs request for net-worth discovery. Tab 10 at 10. It also granted the Defendants' motion for leave to designate JCT Auto Sales as a responsible third party. Tab 10 at 20; Tab 11.

## SUMMARY OF THE ARGUMENT

Net-worth discovery is a matter of well-established law. If a plaintiff pleads a cause of action that allows for the recovery of punitive damages, the plaintiff may

8

conduct discovery on the defendant's net worth. There is no evidentiary hurdle: so long as a cause of action is pled, the discovery may be conducted. The only exceptions would be for excessively burdensome or harassing requests, but no evidence has been presented on those issues.

An order denying discovery that goes to the heart of a party's case has no adequate remedy at law. Because the net worth of the Defendants' goes to the heart of the Plaintiff's punitive damages case, there is no adequate remedy at law for the trial court's denial of discovery on the issue.

Additionally, in the interest of judicial economy, if a mandamus is granted, an appellate court should correct other errors in the case that would normally have an adequate remedy at law. The designation of JCT Auto Sales as a responsible third party is clearly improper, since the Defendants' designation does not plead sufficient facts to allege responsibility of JCT Auto Sales. Even if JCT Auto Sales had sold the truck in a broken condition, it was sold "as is." Without any allegation of fraudulent inducement of the "as is" clause, the car lot is not liable. Also, the fact that the Plaintiffs bought a damaged car is the reason repairs were needed, but it has nothing to do with the Defendants overcharging for work, failing to do any work, damaging the car further, and then refusing to return the truck. There is no reason why the seller of the car would be responsible for the damage the Defendants did to the car.

# ARGUMENT

## I.     Discovery of Defendants' Net Worth

### A.     *Introduction*

The Plaintiffs filed this case for a variety of causes of action, including fraud and conversion. The underlying facts were pled in the "FACTS" section, and those causes of action were specifically listed in the "LIABILITY" section. Tab 1. Since that placed net worth at issue, the Plaintiffs served discovery requests seeking net worth information from the Defendants. Tab 3. The Defendants objected, arguing that the DTPA (one of several causes of action asserted in the petition) does not allow for the recovery of punitive damages. Tabs 4 & 5. After the Plaintiffs filed a motion to compel responses, the trial court ruled that the Plaintiffs are not entitled to discover net worth information. Tab 10 at 10. The trial court would not allow net worth discovery unless the Relators met an evidentiary threshhold: "I'm going to deny the Motion to Compel at this time. It may be later as the trial develops that it would be more appropriate to order the net worth to be discovered, but I'm going to deny it at this time." Tab 10 at 10.

### B.     *Law*

"[I]n cases in which punitive or exemplary damages may be awarded, parties may discover and offer evidence of a defendant's net worth." Lunsford v. Morris, 746

S.W.2d 471, 473 (Tex. 1988) (orig. proceeding). There is no evidentiary threshhold hurdle to cross. *Id.* Plaintiffs do not have to prove that they will recover punitive damages, they just have to plead it. *Id.* Fraud and conversion both allow for the recovery of punitive damages. Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 304 (Tex. 2006) (fraud); Winkle Chevy-Olds-Pontiac v. Condon, 830 S.W.2d 740, 744 (Tex. App.—Corpus Christi 1992, writ dism'd) (conversion). Those claims have been pled, as well as punitive damages. Failing to order responses to net-worth discovery in this situation is a clear abuse of discretion.

Relators have no adequate remedy at law. An order denying discovery that goes to the heart of the case does not have an adequate remedy at law. Walker v. Packer, 827 S.W.2d 833, 843 (Tex. 1992). At least one court of appeals has held that evidence which must be considered in calculating damages "goes to the heart of the claim for damages." In re City of Houston, No. 14-12-00861-CV at *11-12 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (mem. op.) (orig. proceeding). That logic is straightforward: since the evidence in question is required by law to be introduced, deprivation of discovery on that issue guarantees a new trial on appeal.

In the City of Houston case, the plaintiff's damage model in an inverse condemnation case was based on lost profits. *Id.* at *11. The calculation of lost profits is done by taking expected profits and subtracting actual profits. *Id.* at *12.

Obviously, finding the "actual profits" requires the accounting of actual income and actual expenses on the properties. *See id.* The plaintiff sold one of the lots and was building a home on another, which would tend to prove actual income and actual expenses on the properties. *Id.*

Similarly, net worth evidence goes to the heart of the issue of punitive damages. "That which could be an enormous penalty to one may be but a mere annoyance to another." Lunsford v. Morris, 746 S.W.2d 471, 472 (Tex.1988). It is "as relevant to the defendant to prove low net worth as it is to the plaintiff to prove the defendant's high net worth." Soon Phat, L.P. v. Alvarado, 396 S.W.3d 78, 109 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). It is explicitly listed as a factor the trier "shall" consider by staute. Tex. Civ. Prac. & Rem. Code § 41.011(a)(6). Failing to provide evidence on those statutory factors precludes the recovery of punitive damages. Suntide Sandpit, Inc. v. H&H Sand and Gravel, Inc., No. 13-11-00323-CV at *11 (Tex. App.—Corpus Christi, pet. denied) (mem. op.).

## II.     Designation of Responsible Third Party

### A.     *Introduction*

The Defendants moved for leave to designate the car lot that sold the truck to the Plaintiffs as a responsible third party even though the truck was sold "as is." Tab 3. In the motion, the Defendants alleged that the car lot is liable despite the "as is"

12

clause because it was negligent in failing to disclose the pre-existing condition of the truck. Tab 3. The Defendants alleged that the defects in the car existed before the sale, but they did not allege that the car lot even knew about them: "Defendants contend that the truck was sold to Plaintiffs in a defective condition and said defects were not disclosed to Plaintiffs at the time of the sale." Tab 3. The Plaintiffs timely objected, arguing two points. Tab 7. First, the Defendants had not pled sufficient facts to negate the "as is" clause. Tab 7. Second, the fact that the truck was broken when purchased has nothing to do with the Defendants' liability: the truck would not have needed repairs if it were not broken, but the Defendants are being sued for failing to fix it properly, not for the fact that it was broken when purchased. Tab 7. The trial court overruled the objections and granted the Defendants leave to designate the third party. Tab 11.

### B.    Law

Ordinarily, the decision to designate a responsible third party would not be correctable by mandamus, as there are more than adequate remedies at law, such as a motion to strike. Tex. Civ. Prac. & Rem. Code § 33.004(l). Nevertheless, in the interest of judicial economy, if mandamus issues to correct one error, other errors in the case should be corrected as well. In re Colonial Pipeline Co., 968 S.W.2d 938, 943 (Tex. 1998).

In order to designate a responsible third party, a defendant must plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure. In other words, the facts as pled in the motion for leave to designate are reviewed for legal sufficiency. In re Unitec Elevator Serv. Co., 178 S.W.3d 53, 62 (Tex. App.—Houston [1st Dist] 2005, no pet.) (orig. proceeding) ("[I]n determining whether to grant relators' motion for leave to designate Southwestern Bell as a responsible third party, the trial court was restricted to evaluating the sufficiency of the facts pleaded by relators and was not permitted to engage in an analysis of the truth of the allegations or consider evidence on Southwestern Bell's ultimate liability."). The Defendants' designation fails because it does not state any right to recovery against the alleged responsible third party. The Defendants designated the car lot that sold the Plaintiffs the truck as a responsible third party, but they do not explain why that car lot would be responsible for any damages the Plaintiffs may recover against the Defendants.

First, the Plaintiffs bought the truck "as is," which is a complete defense against claims based on the condition of the truck, absent fraudulent inducement of the "as is" clause. Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 161 (Tex. 1995) ("The 'as is' agreement negates causation essential to recovery on all the theories Goldman asserts—DTPA violations, fraud (excluding, of course,

14

fraud in the inducement of the 'as is' agreement, which Goldman does not assert), negligence, and breach of the duty of good faith and fair dealing."); Broomfield v. Parker, No. 12-06-00208-CV (Tex. App.—Tyler 2007, no pet.) (mem. op.) ("Because Parker purchased the vehicle 'as is,' she was precluded from proving that any acts by the Broomfields were a producing cause of her damages. Furthermore, the record contains no evidence that the Broomfields committed any acts that were false, misleading, or deceptive. Therefore, the evidence was legally insufficient to support the trial court's judgment [for the plaintiff].") (citatons omitted). The Defendants did not allege fraudulent inducement of the "as is" agreement, so their designation does not plead sufficient facts to allege responsibility for the car lot.

Second, the fact that the Plaintiffs bought a damaged car is the reason repairs were needed, but it has nothing to do with the Defendants overcharging for work, failing to do any work, damaging the car further, and then refusing to return the truck. There is no reason why the seller of the car would be responsible for the damage the Defendants did to the car.

### C. Conclusion

Even though the Defendants did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure, they still must be given leave to replead. *See* Tex. R. Civ.

Prac. & Rem. Code § 33.004(g). The Defendants must be given that opportunity; if they do not plead sufficient facts on their second try, their motion to designate must be denied. *See id.*

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Relator, Christy and Kory Hill, respectfully request that this court issue a Writ of Mandamus ordering the Honorable David Brabham to allow Relators to conduct discovery on the issue of net worth and to deny the Real Parties-in-Interest their motion for leave to designate JCT Auto Sales as a responsible third party unless they are able to replead sufficient facts to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

Respectfully submitted,

SNOW E. BUSH, JR., P.C.
420 N. Center Street
Longview, TX 75601
Tel. (903) 753-7006
Fax. (903) 753-7278
E-mail: jonathanwharton1@sbcglobal.net
    /s/ Jonathan Wharton
By:_____
    JONATHAN WHARTON
    STATE BAR NO. 24075764
    ATTORNEY FOR RELATORS,
    CHRISTY AND KORY HILL

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing has been delivered to Heath Chamness, counsel for the Real Parties-in-Interest, on this the 1st day of May, 2015.

/s/ Jonathan Wharton

JONATHAN WHARTON

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the Petition for Writ of Mandamus (as measured under Tex. R. App. P. 9.4(i)(1)) contains 2,627 words as counted by Microsoft WordPerfect on this the 1st day of May, 2015.

/s/ Jonathan Wharton

JONATHAN WHARTON

NO. _____

_____

IN THE COURT OF APPEALS FOR THE TWELFTH DISTRICT, TYLER, TEXAS

_____

**IN RE CHRISTY AND KORY HILL, Relators**

_____

From the 188th District Court for Gregg County, Texas
Cause No. 2014-2357-A
Honorable David Brabham, Presiding Judge

_____

**APPENDIX IN SUPPORT OF PETITION FOR WRIT OF MANDAMUS**

_____

Original Petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Tab 1

Defendants' Answer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 2

Plaintiffs' Motion to Compel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .Tab 3

Defendants' Response to Plaintiff's Second Request for Production . . . . . . . . Tab 4

Defendants' Response to Plaintiff's Second Set of Interrogatories . . . . . . . . . Tab 5

Motion to Designate Responsible Third Party . . . . . . . . . . . . . . . . . . . . . . . Tab 6

Plaintiffs' Objection to Designation of Responsible Third Party . . . . . . . . . . .Tab 7

Plaintiffs' Supplement to its Motion to Compel . . . . . . . . . . . . . . . . . . . . . .Tab 8

Affidavit of Jonathan Wharton . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 9

Transcript of Hearing on March 30, 2015 . . . . . . . . . . . . . . . . . . . . . . . . . . Tab 10

Order Granting Defendants' Motion to Designate Responsible Third Party . . Tab 11

# TAB 1

Electronically Submitted
12/8/2014 4:40:51 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

CAUSE NO. 2014-2357-A _____

| | | |
|---|---|---|
| CHRISTY AND KORY HILL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | GREGG COUNTY, TEXAS |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED AND DANIEL SHAW | § | 188TH _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW CHRISTY AND KORY HILL (hereinafter referred to as "Plaintiffs") and file

this their Original Petition complaining of ANDREW SHAW D/B/A ENGINES UNLIMITED and

DANIEL SHAW (hereinafter referred to as "Defendants"), and for cause of action would respectfully

show the Court as follows:

### VENUE AND JURISDICTION
I.

Venue is appropriate in Gregg County pursuant to Section 15.002 of the Texas Civil Practice

and Remedies Code, as all of the events and omissions giving rise to the claims occurred in Gregg

County.

The Court has jurisdiction over the controversy because the damages are in excess of the

minimum jurisdictional limits of the Court. The Plaintiff seeks only monetary relief under $100,000.

### DISCOVERY CONTROL PLAN
II.

This suit must proceed and be governed by Discovery Level 1.

### PARTIES AND SERVICE
III.

Plaintiffs, CHRISTY AND KORY HILL, reside in Gregg County, Texas.

Defendant ANDREW SHAW D/B/A ENGINES UNLIMITED may be served at 5773 Gilmer Road, Longview, TX 75604.

Defendant DANIEL SHAW may be served at 5773 Gilmer Road, Longview, TX 75604

## FACTS
### IV.

In March of 2014, Mr. And Mrs. Hill purchased a 2006 Dodge Ram for approximately $13,000 from a used car dealer. Within a couple weeks, it had broken down due to a problem with the engine. The dealership recommended they take it to Andrew Shaw and Daniel Shaw, operating as Engines Unlimited, who gave them a $5,500 estimate for the repair. The Hills agreed and gave them the car to fix.

Over the course of five months, the Defendants collected over $12,000 from the Hills, but instead of fixing the car, they damaged it, let it sit, and ultimately refused to return the car on request. The Hills were charged for problems with the car that did not exist at the time the truck was brought to the Defendants. Unnecessary parts were ordered and charged to the Hills in order to inflate the bill.

Eventually, when the Hills tried to pick up the truck to take to another repair shop, the Defendants told the Hills that even though they had paid the entire bill, and the repairs had not been completed, the Hills could not take the truck unless they signed a release of liability for the Shaws and their company.

## LIABILITY
### V.

Defendants ANDREW SHAW D/B/A ENGINES UNLIMITED and DANIEL SHAW are liable for conversion, trespass to chattel, DTPA violations under Tex. Bus. Prac. & Comm. Code

§§ 17.46(b)(5), (6), (7), (13), and (22), negligence, gross negligence, fraud, and breach of contract. Negligence is presumed in this case because there was a bailment of the truck from the Hills to the Defendants, and they have damaged and failed to return the goods. Prime Products, Inc. v. S.S.I. Plastics, Inc., 97 S.W.3d 631, 635 (Tex. App. Houston [1st Dist.] 2002, pet. denied).

## DAMAGES FOR PLAINTIFFS
## VI.

The Plaintiff is entitled to recovery of actual damages, both past and future, including loss of use, the market value of the car, reasonable attorney's fees, costs of court, expenses, punitive damages, and treble damages under the DTPA by Tex. Bus. Prac. & Comm. Code § 17.50(b). The Plaintiff requests the return of the car.

## JURY DEMAND
## VII.

Plaintiff demands a jury trial on the issues in the case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendants for damages in an amount within the jurisdictional limits of the Court; the return of the truck; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and for such other and further relief, general and special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

SNOW E. BUSH, JR., P.C.

420 N. Center Street
Longview, TX 75601
Tel. (903) 753-7006
Fax (903) 753-7278
E-mail: jonathanwharton1@sbcglobal.net

By: _____
      JONATHAN WHARTON
      STATE BAR NO. 24075764

ATTORNEY FOR PLAINTIFFS,
CHRISTY AND KORY HILL

**TAB 2**

Cause No. 2014-2357-A

| CHRISTY AND KORY HILL | § | IN THE DISTRICT COURT OF |
| Plaintiffs | § | |
| | § | |
| vs. | § | |
| | § | GREGG COUNTY, TEXAS |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED AND DANIEL SHAW | § | |
| Defendants | § | 188TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Andrew Shaw D/B/A Engines Unlimited and Daniel Shaw, Defendants, and files this their Original Answer to Plaintiffs' Original Petition and would respectfully show the Court as follows:

## I.

## GENERAL DENIAL

Defendants deny each and every, all and singular, the allegations contained in Plaintiffs' Original Petition and demands strict proof thereof. Defendants specifically reserve the right to plead further.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that upon final hearing that Plaintiffs take nothing; that Defendants be awarded their costs of Court and expenses; and for such other and further relief to which these Defendants may be justly entitled.

Respectfully submitted, ·

BOON, SHAVER, ECHOLS,
COLEMAN & GOOLSBY, P.L.L.C.
1800 N.W. Loop 281, Ste. 303
Longview, Texas 75604
(903) 759-2200 Phone
(903) 759 3306 Fax

By: _____
Joshua M Black
State Bar No. 24069385

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following counsel of record for Plaintiff on this the 19th day of December, 2014:

Jonathan Wharton                              *Via Facsimile (903) 753-7278*
SNOW E. BUSH, JR., P.C.
420 N. Center Street
Longview, TX 75601

_____
Joshua M. Black

# TAB 3

CAUSE NO. 2014-2357-A

| | | |
|---|---|---|
| CHRISTY AND KORY HILL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | GREGG COUNTY, TEXAS |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED AND DANIEL SHAW | § | 188TH JUDICIAL DISTRICT |

## PLAINTIFFS' MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW CHRISTY AND KORY HILL, Plaintiffs, and file this their Motion to Compel against Defendants ANDREW SHAW D/B/A ENGINES UNLIMITED AND DANIEL SHAW, and would respectfully show the court as follows:

### I.    Introduction

This suit is for conversion and fraud by a repair shop. The Plaintiffs took a $12,000 truck to the Defendants and spent $13,000 on repairs, but over five months later the truck was still not running. The Defendants have refused to return the truck and still have it in their possession.

The Plaintiffs served net worth discovery requests on the Defendants. Those requests are attached as Exhibits A & B. The Defendants objected and refused to respond because punitive damages are not available under the DTPA, even though the Plaintiffs explicitly pled fraud, conversion, and punitive damages.

### II.    Basis of Motion

The Plaintiff moves, pursuant to Texas Rule of Civil Procedure 215, that the court enter an order overruling the Defendant's objections and compelling them to answer the Plaintiff's discovery requests.

## III. Argument and Authorities

When a cause of action involving punitive damages has been pled, the defendant's net worth is discoverable:"[I]n cases in which punitive or exemplary damages may be awarded, parties may discover and offer evidence of a defendant's net worth." Lunsford v. Morris, 746 S.W.2d 471, 473 (Tex. 1988). There is no evidentiary threshhold hurdle to cross. *Id.* Plaintiffs do not have to prove that they will recover punitive damages, they just have to plead it. *Id.* Fraud and conversion both allow for the recovery of punitive damages. Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 304 (Tex. 2006) (fraud); Winkle Chevy-Olds-Pontiac v. Condon, 830 S.W.2d 740, 744 (Tex. App.—Corpus Christi 1992, writ dism'd) (conversion). Those claims have been pled, as well as punitive damages. Therefore, the Plaintiffs are allowed discovery on net worth.

## IV. Conclusion and Prayer

For these reasons, the Plaintiffs respectfully request that the Court grant their Motion to Compel, overrule the Defendant's objections to their discovery requests, and order the Defendants to respond to the discovery requests within thirty days of the order being signed.

Respectfully submitted,

SNOW E. BUSH, JR., P.C.
420 North Center Street
Longview, TX 75601
(903) 753-7006
(903) 753-7278 (fax)
E-mail: jonathanwharton1@sbcglobal.net

By:_____
    JONATHAN WHARTON
    STATE BAR NO. 24075764
ATTORNEY FOR PLAINTIFFS,

CHRISTY AND KORY HILL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been delivered to all parties of record in compliance with the requirements of T.R.C.P. 21a on this the _16_ day of _March_, 2015.

_____
JONATHAN WHARTON

## CERTIFICATE OF CONFERENCE

I hereby certify that a reasonable effort to resolve the dispute without the necessity of court intervention has been attempted and has failed before this the _16_ day of _March_, 2015.

_____
JONATHAN WHARTON

# EXHIBIT
## "A"

# Snow E. Bush, Jr., P.C.
## Attorney and Counselor at Law

Snow E. Bush, Jr.
Board Certified
Texas Board of Legal Specialization
Civil Trial Law and
Personal Injury Trial Law

Jonathan Wharton
Licensed in Texas and New York

120 North Center Street
Longview, Texas 75601
(903) 753-7006
(903) 753-7278
E-Mail: snowbush@sbcglobal.net

E-Mail: jonathanwharton1@sbcglobal.net

February 3, 2015

*Via CM/RRR #9407 1118 9956 1566 9332 21*
T. Heath Chamness
White Shaver, P.C.
205 W. Locust St.
Tyler, TX 75702

Re: *Christy and Kory Hill v. Andrew Shaw, et al.*; In the District Court of Gregg County, Texas, 188th Judicial District, Cause No. 2014-2357-A

Dear Mr. Chamness:

Enclosed please find Plaintiff's Second Discovery Requests to Andrew Shaw relating to the above-captioned matter.

Sincerely,

*Rose West*
Rose West
Legal Assistant to Jonathan Wharton

/rw
Enclosures

| CHRISTY AND KORY HILL | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | |
| | § | GREGG COUNTY, TEXAS |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED AND DANIEL SHAW | § | 188TH JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND DISCOVERY REQUESTS TO ANDREW SHAW

TO:   ANDREW SHAW D/B/A ENGINES UNLIMITED by and through his attorney, T. Heath Chamness, 205 W. Locust, Tyler, TX 75702.

## INTERROGATORIES

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, we make the following interrogatories, the responses to which are due thirty days from the date of service of this request:

1.   State your present net worth in terms of assets, liabilities and equity.

2.   State the manner by which you figured out or calculated the answer to Interrogatory No. 1.

3.   State your net income, after taxes, for the years 2013 and 2014.

## REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, you are requested to produce, by mailing or emailing copies of all requested items to the address listed below thirty days after the service of this request, the following information:

1.   All documents used to figure out or calculate the answer to Interrogatory No. 1.

2.   All documents used to figure out or calculate the answer to Interrogatory No. 2.

3.   All balance sheets for you or Engines Unlimited for the years 2013 and 2014.

4.   All audited or unaudited financial statements for you or Engines unlimited for the years 2013 and 2014.

Respectfully submitted,

SNOW E. BUSH, JR., P.C.
420 N. Center Street
Longview, TX 75601
Tel. (903) 753-7006
Fax. (903) 753-7278
E-mail: jonathanwharton1@sbcglobal.net

By:_____
   JONATHAN WHARTON
   STATE BAR NO. 24075764
   ATTORNEY FOR PLAINTIFFS
   CHRISTY AND KORY HILL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been mailed to all counsel of record, by certified mail, return receipt requested, postage prepaid on this the __2__ day of __February__, 2015.

_____
JONATHAN-WHARTON

Each sheet can be used for one Certified Mail piece, which can be sent without Physical Return Receipt Service (Option Ⓐ) or with Physical Return Receipt Service (Option Ⓑ).

stamps|.com'

**Ⓐ Certified Mail**
WITHOUT Physical Return Receipt Service

*(No Return Receipt Card)*
Instructions
1. Apply this label to the TOP EDGE of the mailpiece.
2. Apply address label below to the CENTER of the mailpiece.

Ⓣ Top of the page

Delivery Address when used with Ⓐ or Return Address when used with Ⓑ

**Certified Mail Labels (SDC-3910)**
Covered by and/or for use with U.S. Patents 6,264,763; 6,868,406; 7,216,110; 7,216,116; 7,216,970, 7,490,065; 7,557,910, 7,613,639, 7,743,043; 7,832,093; 8,027,920 & 8,027,927; 8,027,935; 8,041,644; 8,016,621; 8,103,647; 8,195,579, 8,301,572; 8,397,191; and 8,493,941.

**Ⓑ Certified Mail**
WITH Physical Return Receipt Service

*(Uses Return Receipt Card)*
Instructions
1. Apply address label above to the back of this card.
2. Apply this card to the TOP EDGE of the mailpiece.

← Fold and Tear →

082S0006002245

$6.690
US POSTAGE
FIRST-CLASS
FROM 75601
FEB 03 2015
stamps|.com

T. Heath Chamness
White Shaver, P.C.
205 W. Locust St.
Tyler TX 75702-5603

VOID

CERTIFIED MAIL

PS Form 3800 6/02

FEES
Postage per piece     $0.69
Certified Fee          3.30
Return Receipt Fee     2.70
Total Postage & Fees:  $6.69

Postmark
Here

ARTICLE NUMBER
9407 1118 9956 1566 9332 21

ARTICLE ADDRESS TO:
T. Heath Chamness
White Shaver, P.C.
205 W. Locust St.
Tyler TX 75702-5603

**U.S. Postal Service**
**Certified Mail Receipt**



CERTIFIED MAIL

9407 1118 9956 1566 9332 21

RETURN RECEIPT REQUESTED

Article Addressed To:

T. Heath Chamness
White Shaver, P.C.
205 W. Locust St.
Tyler TX 75702-5603

PS Form 3800 6/02

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature: (☐ Addressee or ☐ Agent)
X
B. Received By: (Please Print Clearly)
C. Date of Delivery
D. Addressee's Address (If Different From Address Used by Sender)
Secondary Address / Suite / Apt. / Floor     (Please Print Clearly)
Delivery Address
City          State     ZIP + 4 Code

Sender:

JONATHAN WHARTON
SNOW E. BUSH, JR., P.C.
420 N. CENTER STREET
LONGVIEW, TEXAS 75601

9407 1118 9956 1566 9332 21

stamps|.com'

CERTIFIED MAIL

# EXHIBIT
# "B"

# Snow E. Bush, Jr., P.C.

## Attorney and Counselor at Law

Snow E. Bush, Jr.
Board Certified
Texas Board of Legal Specialization
Civil Trial Law and
Personal Injury Trial Law

Jonathan Wharton
Licensed in Texas and New York

420 North Center Street
Longview, Texas 75601
(903) 753-7006
(903) 753-7278
E-Mail: snowbush@sbcglobal.net

E-Mail: jonathanwharton1@sbcglobal.net

February 3, 2015

Via CM/RRR #9407 1118 9956 1566 9346 31
T. Heath Chamness
White Shaver, P.C.
205 W. Locust St.
Tyler, TX 75702

Re:  *Christy and Kory Hill v. Andrew Shaw, et al.*; In the District Court of Gregg County, Texas, 188th Judicial District, Cause No. 2014-2357-A

Dear Mr. Chamness:

Enclosed please find Plaintiff's Second Discovery Requests to Daniel Shaw relating to the above-captioned matter.

Sincerely,

Rose West

Rose West
Legal Assistant to Jonathan Wharton

/rw
Enclosures

CAUSE NO. 2014-2357-A

| CHRISTY AND KORY HILL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | GREGG COUNTY, TEXAS |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED AND DANIEL SHAW | § | 188TH JUDICIAL DISTRICT |

## PLAINTIFF'S SECOND DISCOVERY REQUESTS TO DANIEL SHAW

TO: DANIEL SHAW by and through his attorney, T. Heath Chamness, 205 W. Locust, Tyler, TX 75702.

## INTERROGATORIES

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, we make the following interrogatories, the responses to which are due thirty days from the date of service of this request:

1. State your present net worth in terms of assets, liabilities and equity.

2. State the manner by which you figured out or calculated the answer to Interrogatory No. 1.

3. State your net income, after taxes, for the years 2013 and 2014.

## REQUEST FOR PRODUCTION

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, you are requested to produce, by mailing or emailing copies of all requested items to the address listed below thirty days after the service of this request, the following information:

1. All documents used to figure out or calculate the answer to Interrogatory No. 1.

2. All documents used to figure out or calculate the answer to Interrogatory No. 2.

3. All balance sheets for you or Engines Unlimited for the years 2013 and 2014.

4. All audited or unaudited financial statements for you or Engines unlimited for the years 2013 and 2014.

Respectfully submitted,

SNOW E. BUSH, JR., P.C.
420 N. Center Street
Longview, TX 75601
Tel. (903) 753-7006
Fax. (903) 753-7278
E-mail: jonathanwharton1@sbcglobal.net

By:_____

JONATHAN WHARTON
STATE BAR NO. 24075764
ATTORNEY FOR PLAINTIFFS
CHRISTY AND KORY HILL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been mailed to all counsel of record, by certified mail, return receipt requested, postage prepaid on this the ___ day of ___February___, 2015.

_____

JONATHAN WHARTON

Each sheet can be used for one Certified Mail piece, which can be sent without Physical Return Receipt Service (Option ⊗) or with Physical Return Receipt Service (Option ⊗).

stamps|.com'

⬆ Top of the page

**Certified Mail Labels (SDC-3910)**
Covered by and/or for use with U.S. Patents 6,244,763; 6,663,006; 7,216,110; 7,216,956; 7,216,970; 7,490,065; 7,567,910; 7,613,639; 7,743,013; 7,861,094; 8,027,926; 8,027,927; 8,027,935; 8,041,644; 8,016,823; 8,101,617; 8,155,579; 8,301,577; 8,392,391; and 8,498,941.

Ⓐ **Certified Mail**
WITHOUT Physical Return
Receipt Service
*(No Return Receipt Card)*
Instructions
1. Apply this label to the TOP EDGE of the mailpiece.
2. Apply address label below to the CENTER of the mailpiece.

Delivery Address when
used with Ⓐ
or Return Address when
used with Ⓑ

Ⓑ **Certified Mail**
WITH Physical Return
Receipt Service
*(Uses Return Receipt Card)*
Instructions
1. Apply address label above to the back of this card.
2. Apply this card to the TOP EDGE of the mailpiece.

062S0006002245

$6.690
US POSTAGE
FIRST-CLASS
FROM 75601
FEB 03 2015
stamps|.com

T. Heath Chamness
White Shaver, P.C.
205 W. Locust St.
Tyler TX 75702-5603

← Fold and Tear →

**VOID**

CERTIFIED MAIL

PS Form 3800 6/02

FEES
Postage per piece ........ $0.69
Certified Fee ............... 3.30
Return Receipt Fee ....... 2.70
Total Postage & Fees: .... $6.69

Postmark
Here

CERTIFIED MAIL

9407 1118 9956 1566 9346 31

RETURN RECEIPT REQUESTED

Article Addressed To:

IₗₗₗIₗₗIₗₗIₗₗₗIIₗₗₗₗIₗₗₗIₗₗₗIₗₗIIₗₗₗIₗIₗₗₗₗIₗIIₗₗI

T. Heath Chamness
White Shaver, P.C.
205 W. Locust St
Tyler TX 75702-5603

ARTICLE NUMBER
9407 1118 9956 1566 9346 31

ARTICLE ADDRESS TO:
T. Heath Chamness
White Shaver, P.C.
205 W. Locust St.
Tyler TX 75702-5603

JONATHAN WHARTON
SNOW E. BUSH, JR., P.C.
420 N. CENTER STREET
LONGVIEW, TEXAS 75601

PS Form 3800 6/02

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature: (□ Addressee or □ Agent)
X
B. Received By: *(Please Print Clearly)*
C. Date of Delivery
D. Addressee's Address *(If Different From Address Used by Sender)*
Secondary Address / Suite / Apt. / Floor *(Please Print Clearly)*
Delivery Address
City ___ State ___ ZIP + 4 Code

U.S. Postal Service
Certified Mail Receipt

Sender:
9407 1118 9956 1566 9346 31

CERTIFIED MAIL

stamps|.com

# TAB 4

| CHRISTY HILL and KORY HILL, | § | IN THE 188TH JUDICIAL DISTRICT |
|---|---|---|
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | COURT OF |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED and DANIEL SHAW, | § | |
| | § | |
| *Defendants.* | § | GREGG COUNTY, TEXAS |

### DEFENDANT DANIEL SHAW AND ANDREW SHAW'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION

TO:   Plaintiffs, Christy and Kory Hill, by and through their attorney of record, Jonathan Wharton, 420 N. Center Street, Longview, Texas 75601

Defendants, Daniel Shaw and Andrew Shaw, hereby respond to the Plaintiff's Second Request for Production of Documents in accordance with Rule 196, as follows:

(See Responses Attached)

Respectfully submitted,
WHITE & SHAVER
205 W. Locust
Tyler, Texas 75702
Office: (903) 533-9447
Fax:    (903) 595-3766

By: J. Heath Chamness

CLAY M. WHITE
Bar No. 21292220
T. HEATH CHAMNESS
Bar No. 24040667
Hchamness@whiteshaverlaw.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing was furnished to counsel of record, via certified mail, return receipt requested, on this the _6_ day of March, 2015.

_J. Heath Chamness_
T. HEATH CHAMNESS

# REQUEST FOR PRODUCTION

1.    All documents used to figure out or calculate the answer to Interrogatory No. 1.

RESPONSE:

Defendant objects to providing any information regarding net worth because §17.50 of the DTPA does not allow for the recovery of punitive damages.

2.    All documents used to figure out or calculate the answer to Interrogatory No. 2.

RESPONSE:

Defendant objects to providing any information regarding net worth because §17.50 of the DTPA does not allow for the recovery of punitive damages.

3.    All balance sheets for you or Engines Unlimited for the years 2013 and 2014.

RESPONSE:

Defendant objects to providing any information regarding net worth because §17.50 of the DTPA does not allow for the recovery of punitive damages.

4.    All audited or unaudited financial statements for you or Engines Unlimited for the years 2013 and 2014.

RESPONSE:

Defendant objects to providing any information regarding net worth because §17.50 of the DTPA does not allow for the recovery of punitive damages.

# TAB 5

| | | |
|---|---|---|
| CHRISTY HILL and KORY HILL, | § | IN THE 188TH JUDICIAL DISTRICT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | COURT OF |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED and DANIEL SHAW, | § | |
| | § | |
| *Defendants.* | § | GREGG COUNTY, TEXAS |

## DEFENDANTS, DANIEL SHAW AND ANDREW SHAW'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

TO:    Plaintiffs, Christy and Kory Hill, by and through their attorney of record, Jonathan Wharton, 420 N. Center Street, Longview, Texas 75601

Defendants, Daniel Shaw and Andrew Shaw, hereby respond to the Plaintiff's Second Set of Interrogatories in accordance with Rule 197, as follows:

(See Responses Attached)

Respectfully submitted,
WHITE & SHAVER
205 W. Locust
Tyler, Texas 75702
Office: (903) 533-9447
Fax:    (903) 595-3766

By: _J. Heath Chamness_
CLAY M. WHITE
Bar No. 21292220
T. HEATH CHAMNESS
Bar No. 24040667
Hchamness@whiteshaverlaw.com

## ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing was furnished to counsel of record, via certified mail, return receipt requested, on this the ___ day of March, 2015.

T. HEATH CHAMNESS

## INTERROGATORIES

1.    State your present net worth in terms of assets, liabilities and equity.

ANSWER:

Defendant objects to providing any information regarding net worth because §17.50 of the DTPA does not allow for the recovery of punitive damages.

2.    State the manner by which you figured out or calculated the answers to Interrogatory No. 1.

ANSWER:

Defendant objects to providing any information regarding net worth because §17.50 of the DTPA does not allow for the recovery of punitive damages.

3.    State your net income, after taxes, for the years 2013 and 2014.

ANSWER:

Defendant objects to providing any information regarding net worth because §17.50 of the DTPA does not allow for the recovery of punitive damages.

# TAB 6

CAUSE NO. 2014-2357-A

| | | |
|---|---|---|
| CHRISTY HILL and KORY HILL, | § | IN THE 188TH JUDICIAL DISTRICT |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | COURT OF |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED and DANIEL SHAW, | § | |
| | § | |
| *Defendants.* | § | GREGG COUNTY, TEXAS |

## DEFENDANTS' MOTION TO DESIGNATE RESPONSIBLE THIRD PARTY

COMES NOW Defendants, ANDREW SHAW d/b/a ENGINES UNLIMITED and DANIEL SHAW, and moves to designate JCT AUTO SALES as a Responsible Third Party.

## I.
## BACKGROUND

This suit arises out of a dispute involving the purchase and subsequent repairs of a vehicle owned by the Plaintiffs. When the Plaintiffs bought the vehicle, it was clear that the vehicle was used and was being sold "as is"; however, that does not excuse the retailer from disclosing known defects to the Plaintiffs.

Defendants contend that the truck was sold to Plaintiffs in a defective condition and said defects were not disclosed to Plaintiffs at the time of the sale. The truck in question had the engine rebuilt prior to Plaintiff's purchase which Defendants contend was not done in a professional manner due to the following issues. The pre-existing problems with the truck at the time it was brought into Defendants' place of business for repairs are as follows:

a.    a large hole in the side of the block as a result of a rod being thrown out of the side;

b.    all injectors flow testing was inadequate;

---

c. the turbo was damaged as a result of Plaintiff continuing to leave the truck running after the rod was thrown;

d. no oil pressure;

e. The ECM was taken from a different year model truck;

f. Upon inspection fo the engine, all major component bolts were loose and not torqued down when the engine was rebuilt prior to the purchase of the truck;

It is Defendant's contention that the damage to the truck was pre-existing and more extensive than originally thought after a complete inspection was done. As a result of the pre-existing damage to the vehicle, Defendant was forced to do a complete engine rebuild which is what precipitated this suit.

## II.
## ARGUMENT AND AUTHORITIES

Defendant respectfully requests the court to designate JCT AUTO SALES as a responsible third party because of their negligence in selling Plaintiffs a defective vehicle and failing to disclose said defects prior to Plaintiff's purchase of the vehicle and thus, constituted a proximate cause of plaintiff's damages as alleged within this lawsuit.

Under Texas law, defendants may designate responsible third parties who may be liable to the defendants or to the plaintiff for all or part of the plaintiff's claims against those defendants. TEX. CIV. PRAC. & REM. CODE § 33.004. The court shall grant leave to designate the named person as a responsible third party provided the applicable rules of pleading are followed unless another party files an objection to the motion for leave. TEX. CIV. PRAC. & REM. CODE §33.004(f).

Designating a responsible third party in the case is essential because JCT AUTO SALES contributed to Plaintiff's damages by selling Plaintiffs a defective vehicle and failing to disclose said

defects prior to Plaintiff's purchase of the vehicle which was a proximate cause of plaintiff's damages, and thus is directly or proportionately responsible for plaintiff's damages.

## III.
## CONCLUSION AND PRAYER

In conclusion, the aforementioned JCT AUTO SALES is responsible, in whole or in part for the damages claimed by plaintiff. Defendant would therefore ask this Court for permission to designate JCT AUTO SALES as a responsible third party due to selling Plaintiffs a defective vehicle and failing to disclose said defects prior to Plaintiff's purchase of the vehicle which was a proximate cause of plaintiff's damages, and thus is directly or proportionately responsible for plaintiff's damages.

For these reasons, Defendant asks the court to grant his motion to designate JCT AUTO SALES as a responsible third party.

Respectfully submitted,

**WHITE & SHAVER**
205 W. Locust Ave.
Tyler, Texas 75702
Telephone: 903/533-9447
Telefax: 903/595-3766

By: _J. Heath Chamness_
     T. HEATH CHAMNESS
     State Bar No. 24040667
     (hchamness@whiteshaverlaw.com)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and forgoing was furnished to opposing counsel of record in accordance with the Texas Rules of Civil Procedure on this the 23rd day of _March_, 2015.

_____
T. HEATH CHAMNESS

# TAB 7

CAUSE NO. 2014-2357-A

| CHRISTY AND KORY HILL | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | |
| | § | GREGG COUNTY, TEXAS |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED AND DANIEL SHAW | § | 188TH JUDICIAL DISTRICT |

## PLAINTIFFS' OBJECTION TO DEFENDANTS' DESIGNATION OF RESPONSIBLE THIRD PARTY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW CHRISTY AND KORY HILL, Plaintiffs, and file this their Objection to the Defendants' Designation of a Responsible Third Party, and would respectfully show the court as follows:

### I.    Introduction

This suit is for conversion and fraud by a repair shop. The Plaintiffs took a $12,000 truck to the Defendants and spent $13,000 on repairs, but over five months later the truck was still not running. The Defendants have refused to return the truck and still have it in their possession.

### II.    Basis of Objection

The Plaintiff object to the Defendants' Designation of a Responsible Third Party and respectfully requests that the Court deny the Defendants leave to so designate.

### III.    Argument and Authorities

In order to designate a responsible third party, a defendant must plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure. In other words, the pleading is reviewed under a legal sufficiency standard. In re Unitec Elevator Serv. Co., 178 S.W.3d 53, 62 (Tex. App.—Houston [1 st Dist] 2005, no pet.)

(orig. proceeding) "[I]n determining whether to grant relators' motion for leave to designate Southwestern Bell as a responsible third party, the trial court was restricted to evaluating the sufficiency of the facts pleaded by relators and was not permitted to engage in an analysis of the truth of the allegations or consider evidence on Southwestern Bell's ultimate liability."). The Defendants' designation fails because it does not state any right to recovery against the alleged responsible third party. The Defendants designated the car lot that sold the Plaintiffs the truck as a responsible third party, but they do not explain why that car lot would be responsible for any damages the Plaintiffs may recover against the Defendants.

First, the Plaintiffs bought the truck "as is," which is a complete defense against claims based on the condition of the truck, absent fraudulent inducement of the "as is" clause. Prudential Ins. Co. of Am. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 161 (Tex. 1995) ("The 'as is' agreement negates causation essential to recovery on all the theories Goldman asserts—DTPA violations, fraud (excluding, of course, fraud in the inducement of the 'as is' agreement, which Goldman does not assert), negligence, and breach of the duty of good faith and fair dealing."); Broomfield v. Parker, No. 12-06-00208-CV (Tex. App.—Tyler 2007, no pet.) (mem. op.) ("Because Parker purchased the vehicle 'as is,' she was precluded from proving that any acts by the Broomfields were a producing cause of her damages. Furthermore, the record contains no evidence that the Broomfields committed any acts that were false, misleading, or deceptive. Therefore, the evidence was legally insufficient to support the trial court's judgment [for the plaintiff].") (citatons omitted). The Defendants did not allege fraudulent inducement of the "as is" agreement, so their designation does not plead sufficient facts to allege responsibility for the car lot.

Second, the fact that the Plaintiffs bought a damaged car is the reason repairs were needed, but it has nothing to do with the Defendants overcharging for work, failing to do any work, damaging

the car further, and then refusing to return the truck. There is no reason why the seller of the car would be responsible for the damage the Defendants did to the car.

**IV.     Conclusion and Prayer**

For these reasons, the Plaintiffs respectfully request that the Court deny the Defendants leave to designate JCT Auto Sales as a responsible third party.

Respectfully submitted,

SNOW E. BUSH, JR., P.C.
420 North Center Street
Longview, TX 75601
(903) 753-7006
(903) 753-7278 (fax)
E-mail: jonathanwharton1@sbcglobal.net

By:_____
JONATHAN WHARTON
STATE BAR NO. 24075764

ATTORNEY FOR PLAINTIFFS,
CHRISTY AND KORY HILL

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been delivered to all parties of record in compliance with the requirements of T.R.C.P. 21a on this the ____ day of _____, 2015.

_____
JONATHAN WHARTON

# TAB 8

Electronically Submitted
3/31/2015 2:52:36 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

CAUSE NO. 2014-2357-A

| | | |
|---|---|---|
| CHRISTY AND KORY HILL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | GREGG COUNTY, TEXAS |
| | § | |
| ANDREW SHAW D/B/A ENGINES | § | |
| UNLIMITED AND DANIEL SHAW | § | 188TH JUDICIAL DISTRICT |

## PLAINTIFFS' SUPPLEMENT TO THEIR MOTION TO COMPEL

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW CHRISTY AND KORY HILL, Plaintiffs, and file this their Supplement to

Their Motion to Compel against Defendants ANDREW SHAW D/B/A ENGINES UNLIMITED

AND DANIEL SHAW. The attached discovery responses from the Defendants were not previously

attached to the motion and should be considered by the Court before it signs an order on the Motion

to Compel.

Respectfully submitted,

SNOW E. BUSH, JR., P.C.
420 North Center Street
Longview, TX 75601
(903) 753-7006
(903) 753-7278 (fax)
E-mail: jonathanwharton1@sbcglobal.net

By:_____
JONATHAN WHARTON
STATE BAR NO. 24075764

ATTORNEY FOR PLAINTIFFS,
CHRISTY AND KORY HILL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been delivered to all parties of record in compliance with the requirements of T.R.C.P. 21a on this the ___ day of __March__, 2015.

_____
JONATHAN WHARTON

**TAB 9**

# AFFIDAVIT OF JONATHAN WHARTON

STATE OF TEXAS                          §
                                        §
COUNTY OF GREGG                          §

BEFORE ME, the undersigned Notary Public, personally appeared JONATHAN WHARTON, who is known to me, and who, after first being duly sworn by me, deposed and stated upon his oath that the facts set forth below are personally known to him and are true and correct:

"My name is Jonathan Wharton. I am of sound mind and over 21 years of age, and I have personal knowledge of all matters described herein.

I am the attorney for the Plaintiffs, Christy and Kory Hill, in Cause No. 2014-2357-A in the 188th District Court of Gregg County, Texas. I have been a licensed attorney in the State of Texas since 2011. My State bar card number is 24075764.

I prepared this "Petition for Writ of Mandamus." I certify that I have reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

Enclosed in the Appendix to this Petition are true and correct copies of:

1.    Plaintiffs' Original Petition
2.    Plaintiffs' Second Discovery Requests to Andrew Shaw
3.    Plaintiffs' Second Discovery Requests to Daniel Shaw
4.    Defendants' Response to Plaintiffs' Second Requests for Production
5.    Defendants' Answers to Plaintiffs' Second Set of Interrogatories
6.    Plaintiffs' Motion to Compel
7.    Defendants' Motion to Designate Responsible Third Party
8.    Plaintiff's Objection to Designation of Responsible Third Party
9.    Transcript of Hearing on March 30th, 2015
10.   Trial Court's Order of April 1st, 2015.

Neither testimony nor evidence was adduced at the hearing on March 30th, 2015.

I requested the transcript of the hearing on March 31, 2015, and received it on April 29, 2015, after several requests for extensions of time from the court reporter.

I have signed this Affidavit under oath that the foregoing is true and correct."

_____
JONATHAN WHARTON

STATE OF TEXAS                          §
                                        §

COUNTY OF GREGG                          §

      SUBSCRIBED AND SWORN TO before me by _Jonathan Wharton_ on this _1st_ day of _May_, 2015.


MY COMMISSION EXPIRES:                    _Rose E. West_
                                          NOTARY PUBLIC

# TAB 10

REPORTER'S RECORD
VOLUME 1 OF 1 VOLUMES
TRIAL COURT CAUSE NO. 2014-2357-A

CHRISTY AND KORY HILL            ) IN THE DISTRICT COURT
                                 )
vs.                              ) GREGG COUNTY, TEXAS
                                 )
ANDREW SHAW D/B/A ENGINES        )
UNLIMITED AND DANIEL SHAW        )188TH JUDICIAL DISTRICT

---

PLAINTIFFS' MOTION TO COMPEL

&

PLAINTIFFS' OBJECTION TO DEFENDANTS' DESIGNATION OF A

THIRD PARTY

---

On the 30th day of March, 2015, the following proceedings came on to be held in the above-titled and numbered cause before the Honorable David Brabham, Judge Presiding, held in Longview, Gregg County, Texas.

Proceedings reported by computerized stenotype machine.

APPEARANCES

MR. JONATHAN WHARTON
SBOT NO. 24075764
SNOW E. BUSH, JR., P.C.
420 North Center Street
Longview, Texas 75601
Telephone:  903.753.7006


    REPRESENTING THE PLAINTIFFS



MR. HEATH CHAMNESS
SBOT NO. 24040667
WHITE SHAVER
205 W. Locust
Tyler, Texas 75702
Telephone:  903.533.9447



    REPRESENTING THE DEFENDANTS










REPORTER'S NOTE

Uh-huh = Yes - Affirmative response
Huh-uh = No - Negative response
Quotation marks are used for clarity and do not necessarily
indicate a direct quote.

CHRONOLOGICAL INDEX

PLAINTIFFS' MOTION TO COMPEL
&
PLAINTIFFS' OBJECTION TO DEFENDANTS' DESIGNATION OF A THIRD
PARTY

March 30, 2015

|  | PAGE | VOL. |
|---|---|---|
| PLAINTIFFS' MOTION TO COMPEL | | |
| Mr. Wharton...........................4,8 | | 1 |
| Mr. Chamness............................5 | | 1 |
| Court's ruling.........................10 | | 1 |
| PLAINTIFFS' OBJECTION TO DEFENDANTS' DESIGNATION OF A THIRD PARTY | | |
| Mr. Chamness........................10,18 | | 1 |
| Mr. Wharton............................15 | | 1 |
| Court's ruling........................20 | | 1 |
| Reporter's certificate.................22 | | 1 |

# P R O C E E D I N G S

March 30, 2015

(Open court, parties present)

THE COURT: Okay. This is a civil matter. This is 2014-2357-A, Christy and Kory Hill versus Andrew Shaw doing business as Engines Unlimited and Daniel Shaw. Jonathan Wharton is present representing the Plaintiffs. And, Counsel, one more time?

MR. CHAMNESS: Heath Chamness on behalf of the Defendants.

THE COURT: And the matter before the Court is a Plaintiffs' Motion to Compel and a Plaintiffs' Objection to Defendants' Designation of a Third Party. I believe both sides are ready, and we're going to take up the Motion to Compel first.

Mr. Wharton?

MR. WHARTON: Yes, sir.

THE COURT: You may proceed.

MR. WHARTON: Thank you, Your Honor.

This is a relatively small case involving repairs of a truck. My client had purchased this truck for about $12,000 and then discovered -- and they purchased it as-is. After they drove the vehicle away they discovered that it had a whole bunch wrong with it. So they were recommended to the Defendants for -- to get it repaired.

So they went over that way. They were quoted about $5500 and ended up paying out about $13,000. And the Defendants still have the truck, won't return it, and haven't completed the repairs. So this -- this is a suit for a few different things including breach of contract, Deceptive Trade Practices Act, and ultimately fraud and conversion.

We served on them discovery requests on their net worth. These questions are simply just to determine how much money they -- how much they have in terms of assets, liabilities and equity. Texas Supreme Court in the *Lunsford* case laid out that that's relevant, that's for -- when you pled -- once you've pled any kind of cause of action that allows for the recovery of punitive damages, then net worth is an issue, and we get to discover it.

So that's -- that's the long and short of it, Your Honor.

*THE COURT:* All right. Let me hear from the Defendants then -- the Defendant, please.

*MR. CHAMNESS:* Yes, Your Honor. I do not disagree with his recitation of what the case law is. I'm very familiar with that case. I've also been doing civil defense practice for -- in excess of ten years and have dealt with the punitive damage issue. I know when it's applicable and when it's not.

The issue in this case is that there are various causes of action that have been filed by the Plaintiff that there's not a recovery for punitive damages. The main component of their claim actually lies within the DTPA, which doesn't allow for the recovery of punitive damages. However, as he mentioned, there is a claim for fraud, conversion, things on those lines.

He also indicated that we still have the vehicle and that was the basis for the conversion, etcetera. While I don't think it would be proper for he and I to litigate the case in front of you today, what I can tell you is that the reason why my clients still have the vehicle is because there's an unpaid bill. They have a mechanic's lien on the vehicle, and they're not going to release it back to the Plaintiffs until the bill is paid. I actually have copies of the stop payment checks that were given to my client to pay off the bill that his clients then subsequently, through their bank, canceled or issued a stop payment.

The other issue is a reasonableness standard, Your Honor. My client has a million dollar insurance policy. Even if this case -- they could recover the full cost of the vehicle, which they didn't buy from us, plus all of the cost of repairs, they would have to get a verdict 40 times the amount of damages before they would even get into

beyond past the policy of insurance that's covered.

At this point, based on the fact that, number one, I have not been allowed to do any discovery with the third party, which this kind of bleeds over into the next motion, with the third party, which is why I filed the designation in the first place. Plaintiffs' counsel just represented to you that immediately after they left the lot they realized that there was all kinds of problems with this truck. I haven't been able to do any kind of discovery at this point. As you're very well aware, the rules on designating responsible third parties are much different in 2015 than they were four or five years ago. You have to do it immediately. And sometimes the negative to that is you don't have time to really determine whether or not there's a valid, legitimate reason for joining them because you -- you've got to do it so promptly after you file your answer.

Basically, what it comes down to is, I am not in any way representing to this Court that there will never come a time where the net worth information would be relevant and would be discoverable. But at this point in time, based on the fact that there are various causes of action which you can't even recover punitive damages on, if this case went to court tomorrow I'm virtually certain I could defeat a conversion claim based on the simple fact that we've got a mechanic's lien because they haven't paid

for the truck. So you can't convert something that is -- it would be like a homeowner trying to say, "You won't let me move into my house; well, you haven't paid me for building it." So technically it's not your house yet.

Long and short of it is, I don't disagree that there very well could come a time where that information would be relevant and it would be discoverable. But at this point in time, knowing that my client has a million dollar insurance policy and knowing the facts of various causes of action, in terms of breach of contract there's not a contract, Your Honor. I mean, we're talking about invoices that were issued to the Plaintiffs, which they paid some of. Actually, they paid most of them. But there's not an actual contract that exists between the two parties in terms of what is going to be done and all that other stuff.

It's just a situation where at this point, I mean, I believe that it's done simply out of the purpose of being harassing to my client, because their insurance coverage is well above what would be necessary to cover any damages that may be found by a jury or a judge should this -- if this were a bench trial in this particular matter. And that's the reason why I filed the objection.

THE COURT: All right. Brief response, Counsel?

MR. WHARTON: Your Honor, obviously, this is going to be an interesting trial. The issues he is raising in his defenses and all that, those will be interesting defenses and I think we'll have a good trial if Your Honor -- you know, if Your Honor will be presiding over it.

As far as the insurance, that's -- I would be very surprised if that comes into trial. That wouldn't be an admissible issue. That has no relevance or bearing on the discoverability of net worth information. Again, the amount of -- it's not an issue about whether I'm going to be able to collect whatever judgment I get. It's a question of how much is the jury going to award for punitive damages. And that amount depends on how much they're worth. If they're worth 5,000 bucks, then $5,000 would be a pretty large verdict against them. If they're worth 500,000, 5,000 doesn't mean a whole lot. And that wouldn't be -- probably would not be enough for punitive damages.

So we need to know how much they're worth. The fact they have insurance has no bearing on this. There's no case law regarding on that issue. The case law is pretty clear. If we plead causes of action that allow for the recovery of punitive damages, and there's no dispute that we did, we pled conversion, we pled fraud, we get this net worth discovery.

There's nothing to support the idea that it's

harassing or meant for harassment. That's -- there's just no support for that. There's just no evidence -- there's nothing to support this is being done to harass them. That's certainly not the purpose of it, Your Honor. The purpose is to discover their net worth because it's a legitimate -- it's a legitimate issue at trial, their net worth in a punitive damages case.

THE COURT: I'm going to deny the Motion to Compel at this time. It may be later as the trial develops that it would be more appropriate to order the net worth to be discovered, but I'm going to deny it at this time.

Counsel, I believe it's your motion to designate the third party?

MR. CHAMNESS: Yes, Your Honor.

THE COURT: Let me hear briefly from you on that.

MR. CHAMNESS: As Plaintiffs' counsel correctly stated, this was a situation where they bought a vehicle, it was a used vehicle, it was sold as-is. And within 30 days of them buying the vehicle they had developed all kinds of problems, just as Plaintiffs' counsel had recommended -- or had represented to the Court.

Through a recommendation, the vehicle was brought to my client's place of business to be looked at and to determine what needed to be done. They effectively

agreed that the engine was going to have to be completely replaced. Not just rebuilt, but they actually bought a new engine for this vehicle.

If you look at the response to our designation, Plaintiffs' counsel points out, well, there is a lack of sufficiency of pleading to justify the designation of the responsible third party, and there is the defense that there is an as-is clause.

THE COURT: I'm sorry, I didn't hear the last part.

MR. CHAMNESS: And the defense that there is an as-is clause.

THE COURT: Okay.

MR. CHAMNESS: So that would just, you know, not justify them being named.

The problem with that, Your Honor, is, first off, the case law isn't as clear as Plaintiffs' counsel would want you to believe on the as-is clause. Normally, I'm actually on the other side defending an as-is clause, so I'm fairly familiar with what it requires.

In this particular case, it's one thing to buy a vehicle as-is, but the idea that a dealership would have a $12,000 diesel vehicle that has problems that are so problematic that within 30 days of selling it the engine has to be completely replaced and that that wasn't disclosed to

the Plaintiffs so that they would know -- in other words, knowingly they would be purchasing a vehicle with an engine in it that they know they have to replace, is almost just a preposterous theory in and of itself. And so the purpose for my filing the motion was to find out what representations, or lack thereof, were made to the Plaintiffs by the auto dealership.

I will completely agree and would voluntarily withdraw my motion to designate if the Plaintiffs testified that the dealership told them upfront, you're buying a truck with an engine that is going to have to be replaced immediately. Because then they certainly are buying it as-is, and there's nothing that's being concealed. There are exceptions to the as-is portion of contracts, whether it be for the sale of goods or whether it be for services, whatever, and those exceptions to that specifically deal with concealment, not just negligent misrepresentation, but actual fraud or direct misrepresentation.

And honestly, Your Honor, I find it very hard to believe that the dealership told the Hills in this case, this truck you're buying has an engine in it that doesn't work, and that they went ahead and spent the $12,000 and bought the vehicle. At a minimum, I think I should be able to do some discovery on that issue.

As I mentioned, the third-party practice

rules have changed because of tort reform and also just some statutory changes within the Civil Practice and Remedies Code, which doesn't allow me to do a whole lot of that discovery without going ahead and designating them.

Secondly, in regards to the sufficiency issue, the law is pretty clear on what the Court allows in regards to an objection for a designation. One is you can object up front to the designation under the theory that there's not sufficient facts pled against them to create a cause of action. The remedy of that, though, is not just for an outright rejection of the third party defendant; it is to allow the pleading party the opportunity to amend those pleadings and to present facts that would rise to the level that would be sufficient for the Court to deem it appropriate to join them.

The other option that the Plaintiff has in this case, and the only other option, is that, through the designation of the responsible third party, if later on down the road he believes that there's not sufficient evidence and he chooses not to sue that party directly once they are joined as a responsible third party, then it becomes his burden to file a motion for summary judgment on their behalf.

And so at this point in time I think the representations that he made to you just a minute ago about

the fact that they bought a vehicle and immediately they had to have the entire engine replaced on it is enough of a reason why they should at least be designated as a responsible third party. It gives him the option to sue them if he wants to. If he doesn't it gives me the option to have them in, I can do some additional discovery. If there's not anything there, there's no misrepresentations, there's no concealment or anything along those lines, he can move for summary judgment. And if he does, and I can't prove that there's a good reason for them to be in the case, I'm pretty certain that you'll grant his motion for summary judgment, Judge.

So basically I think it's kind of a two-step process, but the first step is that you have got to get them in as a responsible third party. And then if there's not sufficient evidence, number -- if there's not sufficient evidence to join them, then I get the opportunity to replead facts that would rise to the level. I think if you read my motion it specifically talks about all of the problems that were within the engine in and of itself. It wasn't just something very simple. And then, of course, if you do grant the motion and later on Plaintiffs' counsel doesn't believe that there's enough there to get them before the jury as a responsible third party and he chooses not to sue them, then he can always move for summary judgment on their behalf.

And so for those reasons we're asking the Court to, at a minimum, designate the JCT Auto Sales as a responsible third party in this case because it's clear that they sold a defective vehicle. It doesn't matter if it was sold as-is. There are certainly exceptions to as-is clause specifically within the sale of automobiles.

THE COURT: All right. Thank you, Counsel.

Mr. Wharton?

MR. WHARTON: Your Honor, there are two reasons why that third party should not be joined as a responsible third party. First is the as-is clause. The law simply -- it would be nice for plaintiffs if the law were that generous, but it is not. The as-is clause actually does have an effect, which is that someone -- you just can't sue everybody who sold you broken stuff as-is. That's the whole purpose of an as-is clause. You buy the car in the condition as-is. So the law in that is fairly clear that there has to be some kind of fraud on the part of the person who's getting you to sign the as-is clause. They have to trick you somehow. They can't just sell you the car and have it be broken.

If Your Honor wants to take a moment or --

THE COURT: Y'all can go ahead and turn your strikes in, so the clerk can start looking at them. Thank you, Mr. Scott.

Go ahead.

*MR. WHARTON:* So they have to trick you somehow. They have to have some kind of trickery. The fact that my clients bought a car that turned out to be broken by itself is not enough. We would have sued them already if that weren't the law. And I've done it before, but it requires some kind of fraud on the part of the person selling the car.

At the very least, advertising that the car is in good condition, telling them the car is in good condition, telling them something about some representation about the status of the car. If they just say, that's the car and it's as-is, and it's 12,000 bucks, and my clients paid $12,000, they can't sue that party later. That's just -- that's what an as-is clause does. That's the whole purpose of it. That's all it does. So, I mean, there's case law on this. It's a well established rule. That's just -- this is what as-is clauses are for.

There's another reason why the -- the seller of the car would not be liable, would not be joined as a responsible third party. And that's because we're not suing the repair people because the car went in damaged. That's not their fault, and nobody is saying it's their fault, and they're not being sued for that. They're being sued because they were paid money to fix it and they didn't do that.

So I don't understand why the seller of the car would be liable for their failure to fix the car. That just doesn't make sense. That doesn't connect. There's no reason why the repair people, who were paid to do repairs, would be able to say, "Well, that's really your fault for selling a broken car." That's -- we're not suing them for -- we're not suing them because the car was broken. We're suing them because they didn't fix it after being paid $13,000.

THE COURT: Is there a dispute as to the condition of the vehicle as to what was wrong with it when it was taken to the garage for repairs?

MR. WHARTON: The car has been damaged further. There is -- I think their position is that the car -- they didn't make the car any worse, but $13,000 later it's still not working. Our position is that they actually damaged several parts of the car. They actually destroyed it.

THE COURT: Okay. All right.

MR. WHARTON: So there's just no -- they haven't pled anything that would -- they haven't pled anything that would legally allow recovery against this -- this auto sales place. There's just nothing -- they haven't pled anything that would allow that recovery.

THE COURT: All right. Brief response,

Counsel?

MR. CHAMNESS: Your Honor, specifically, I mean, I won't recite the facts of the entire case, but the *Mid-Continent Aircraft vs. Curry Spraying* case, which is a very common case that is used in as-is clause, specifically lays out the exceptions to the as-is clause, which I have previously mentioned, if there is any type of misrepresentation, representations, actual fraud, you know, those are exceptions to as-is.

So I'm confident that Your Honor knows the arguments both ways on as-is. I don't think it's really pertinent to waste any more of your time on that issue.

In regards to the how is it linked, Your Honor, he just told you, "Well, we think the car is actually just destroyed now as a result of this additional work." The idea that the broken vehicle and the cost that was paid for that broken vehicle has absolutely nothing to do with the damages that they're going to ask for in this case is actually kind of a crazy theory. If the vehicle wasn't damaged and didn't have a completely dysfunctional motor in it in the first place, they would have never been recommended to my client's shop. So the idea -- and the problem is the entire -- basically, the entire engine compartment had to be redone.

There's also parts that Plaintiffs' counsel

didn't tell you about and I haven't told you about. The Hills picked the vehicle up in this case. They left the shop with it. And because of it being a diesel engine -- which there's verified discovery responses to support this. I don't think that I'm overstepping any bounds in bringing this forward -- as part of a brand new diesel engine there is a break-in period. And he was told that to go easy on the vehicle. I anticipate there will be testimony in trial or through depositions in this case that he was witnessed not only leaving the dealership but driving down Highway 300 or Gilmer Road just blowing and going, foot all the way to the pedal, black smoke blowing out the rear-end of the truck, hammering it as he's leaving the dealer -- my client's shop that day. And then he brings it back and says there's a leak. Well, they told him it could be something very simple, could be something that's not simple. They were willing to warranty the work. He told them, I don't want you to do any more work, so they didn't. Then again, the bill hasn't been completely paid, which is why the truck hasn't been released back to him.

I don't really know what the -- obviously, Plaintiffs' counsel could speak to this far more than I could -- I don't know what the rub is between the Plaintiffs and my client other than that they spent a bunch of money on a new engine, which, like I said, I think that kind of goes

to the responsible third party issue is did they knowingly buy a vehicle that they knew had a damaged and dysfunctional engine. I think that's an important part of this case. If they did, then I will agree. There's no reason to designate the selling party or the dealership that sold them the vehicle. But if they bought the vehicle for $12,000 thinking that they were getting a vehicle that was a fully functional, working vehicle, but it was just used, and in fact, it wasn't, and the representations made to them was that it was a good vehicle, I think that's important. And I think it would be important in the damages of this case, and I think it's important in the defense of this case. And that's why we're asking you to designate the seller as a responsible third party.

As I mentioned earlier, Plaintiffs' counsel has a remedy for that designation in that if at a later date I can't establish anything to suggest that there was any misrepresentations or any concealment or fraud or anything along those lines, he could move for a motion for summary judgment on behalf of that responsible third party to get them removed where they will not be on the charge in the event that he chooses not to sue them. But he certainly also has the opportunity to file suit against them himself.

THE COURT: All right. I'm going to grant the Motion to Designate the Third Party.

Anything further from either side?

MR. WHARTON: No, sir.

MR. CHAMNESS: No, Your Honor.

THE COURT: Okay. Those are the rulings of the Court. Thank you very much, Counsel.

MR. CHAMNESS: Thank you, Your Honor.

MR. WHARTON: Thank you, Your Honor.

(End of proceedings)

STATE OF TEXAS

COUNTY OF GREGG

I, Grelyn Freeman, Official Court Reporter in and for the 188th District Court of Gregg, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $110.00 and was paid by Snow E. Bush, Jr., P.C.

WITNESS MY OFFICIAL HAND this the 29th day of April, 2015.

/s/ Grelyn Freeman
Grelyn Freeman, CSR
Texas CSR 8179
Official Court Reporter
188th District Court
Gregg County, Texas
101 E. Methvin, Suite 408
Longview, Texas 75601
Telephone: 903-237-2688
Expiration: 12/31/2015

**TAB 11**

Electronically Submitted
04-01-2015 12:44 PM
Gregg County District Clerk
By: Debbie Kinney ,deputy

CAUSE NO. 2014-2357-A

| | | |
|---|---|---|
| CHRISTY HILL and KORY HILL, | § | IN THE 188TH JUDICIAL DISTRICT |

CHRISTY HILL and KORY HILL, § IN THE 188TH JUDICIAL DISTRICT
§
*Plaintiffs,* §
§
VS. § COURT OF
§
ANDREW SHAW D/B/A ENGINES §
UNLIMITED and DANIEL SHAW, §
§
*Defendants.* § GREGG COUNTY, TEXAS

## ORDER GRANTING DEFENDANT'S MOTION TO DESIGNATE RESPONSIBLE THIRD PARTY

On this day, came to be heard Defendants, Andrew Shaw d/b/a Engines Unlimited and Daniel Shaw's Motion to Designate Responsible Third Party. The Court is of the opinion that this Motion should be, in all things, GRANTED and **JCT AUTO SALES** shall be designated as a Responsible Third Party.

SIGNED this 1st day of April , 2015.

_____
**JUDGE PRESIDING**